UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

ANN MARIE MCDONALD,

      Plaintiff,                                            DEMAND FOR JURY TRIAL

-vs-                                                                         Case No.
                                                                                                     Hon.

THE HUNTINGTON NATIONAL BANK,

      Defendant.

## COMPLAINT & JURY DEMAND

**Note:**  **Plaintiff, *inter alia*, seeks an order reversing the foreclosure of the subject property and enjoining any eviction pending the outcome of the above-styled matter.**

### Jurisdiction

1. This action is brought under the Federal Real Estate Settlement Procedures Act ("R.E.S.P.A."), 12 U.S.C. §2605, and this court has jurisdiction pursuant to and 28 U.S.C. §§ 1331, 1337; this court, as such, may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

2. This court has federal question jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. §1681 and 28 U.S.C. §§1331, 1337.

3. This Court has jurisdiction under 15 U.S.C. §1691e and 28 U.S.C. §§1331, 1332(d), and 1337.

1

4. This Court may take supplemental jurisdiction over the state law claims set forth in this pleading.

**Parties**

5. The Plaintiff to this lawsuit resides in Clarkston, Michigan in Oakland County.

6. The Defendant, THE HUNTINGTON NATIONAL BANK, is a non-Michigan corporation doing business in Michigan, incorporated outside the state of Michigan and with its principal place of business outside the State of Michigan.

**Venue**

7. The transactions and occurrences which give rise to this action occurred in Oakland County and in the City of Clarkston.

8. Venue is proper in the Eastern District of Michigan.

**General Allegations**

9. Plaintiff and THE HUNTINGTON NATIONAL BANK entered into a Mortgage.

10. Defendant has foreclosed on Plaintiff's property and sent it to a sheriff's sale.

11. However, Defendant has failed to apply $31,209.45 of Plaintiff's money for the previous 18 months.

12. Defendant has refused to apply this amount to the payments on the note and has also refused to allow Plaintiff to use the money to repair her home.

13. Plaintiff believes that the redemption amount is inflated and that she has accrued illegal interest and late fees due to the fact that Defendant has refused to apply the $31,209.45.

14. If Defendant had applied the Plaintiff's $31,209.45 to the principle, for instance, not as much interest would have accrued.

15. If Defendant had released the Plaintiff's $31,209.45, she could have used it to repair the home or to make payments. This would have more than adequately covered any arrearage, reinstated the loan and prevented any foreclosure.

16. Instead, the Plaintiff's $31,209.45 did not earn any interest while the loan amount accrued more and more interest and late fees.

17. On August 18, 2011, Plaintiff sent a qualified written request to THE HUNTINGTON NATIONAL BANK which included name, loan number and the property address; the qualified written request indicated a statement of the reason for the belief that there was an error; and requested in sufficient detail that the Defendant provide specific information so that Plaintiff could determine the exact nature of the disputed items.

18. Defendant received a copy of the qualified written request.

19. Despite its receipt of the qualified written request, Defendant, THE HUNTINGTON NATIONAL BANK, refused to lawfully and properly respond to the qualified written request and continues to attempt to collect money and items not owed by the Plaintiff.

20. Despite its receipt of the Plaintiff's qualified written request letter and its failure to properly respond to this request, Defendant, THE HUNTINGTON NATIONAL BANK, continues its foreclosure proceedings against the subject property.

21. THE HUNTINGTON NATIONAL BANK failed to conduct the necessary investigation into the disputes tendered by Plaintiff in violation of RESPA, and, as such, THE HUNTINGTON NATIONAL BANK continued with its collection against Plaintiff or foreclosure of the property and subjected Plaintiff to additional illegal charges and fees.

22. THE HUNTINGTON NATIONAL BANK failed to discontinue credit reporting during the pendency of the qualified written request.

23. Plaintiff will be irrevocably harmed if the foreclosure sale is allowed to stand.

24. Plaintiff has suffered actual damages as a result of the Defendant's failure to lawfully respond to the qualified written request.

### COUNT I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq*.

### (THE HUNTINGTON NATIONAL BANK)

25. Plaintiff incorporates the preceding allegations by reference.

26. R.E.S.P.A. applies to federally regulated mortgage loans, which include subordinate liens and loans used to payoff an existing loan secured by the same property;

27. The transactions described herein involve a federally regulated mortgage loan.

28. R.E.S.P.A. prohibits kickbacks and referral fees, in accordance with 12 U.S.C. § 2607(a).

29. R.E.S.P.A. prohibits unearned fees, in accordance with 12 U.S.C. § 2607(b).

30. THE HUNTINGTON NATIONAL BANK willfully violated the R.E.S.P.A. by taking unearned fees from the Plaintiff.

31. THE HUNTINGTON NATIONAL BANK willfully violated the R.E.S.P.A. in one or more of the following ways, by example only and without limitation:

 a. By failing to make appropriate corrections in the account of the Plaintiff and failing to transmit written notification of such correction to the Plaintiff (12 U.S.C. §2605(e)(2)(A));

    b.    By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that THE HUNTINGTON NATIONAL BANK believed the account of the Plaintiff to be correct and the name and telephone number of an individual employed by Defendant who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)(B));

    c.    By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by THE HUNTINGTON NATIONAL BANK and the name and telephone number of an individual who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)©); and

    d.    By providing, upon information and belief, information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of THE HUNTINGTON NATIONAL BANK's receipt of the qualified written request (12 U.S.C. § 2605(e)(3).

32.    As a result of these violations, the Plaintiff suffered damages.

## COUNT II – REQUEST FOR EQUITABLE, DECLARATORY & INJUNCTIVE RELIEF (THE HUNTINGTON NATIONAL BANK)

33.    Plaintiff incorporates the preceding allegations by reference.

34. It appears that a genuine, good faith dispute existed over the amount of the monthly payments due or the principal balance owing to THE HUNTINGTON NATIONAL BANK.

35. Upon information and belief, and given the totality of the circumstances in the pending matter, there is no equitable basis to allow THE HUNTINGTON NATIONAL BANK or its nominee to foreclose upon the property and throw Plaintiff out into the street.

36. The request of the Plaintiff is that the Court grant equitable, declaratory and injunctive relief to decelerate the mortgage balance, remove Plaintiff from foreclosure, and declare Plaintiff not to have been in breach of the mortgage agreement.

37. Additionally, it is the request of the Plaintiff that this Court grant declaratory relief, in that the fees and costs charged to Plaintiff by THE HUNTINGTON NATIONAL BANK are unauthorized.

38. Additionally, it is the request of the Plaintiff that THE HUNTINGTON NATIONAL BANK produce an immediate accounting of all sums paid, as well as those allegedly due and owing based upon the facts found, as well as a corresponding correction of all credit reporting relating to the mortgage.

## **COUNT III – BREACH OF CONTRACT/ WRONGFUL FORECLOSURE**
## **(THE HUNTINGTON NATIONAL BANK)**

39. Plaintiff incorporates the preceding allegations by reference.

40. The agreement between the parties as set forth herein constituted an enforceable contract.

41. Plaintiff performed fully under the terms of the contract – or cured any default – and under those terms was entitled to full performance by the Defendants.

42. THE HUNTINGTON NATIONAL BANK has repeatedly breached its contract with the Plaintiff by:

   a. causing a breach which it wrongly attributed to Plaintiff in order to pressure Plaintiff into paying unnecessary and unwarranted fees and costs;.

   b. imposing unnecessary fees and costs upon Plaintiff ;

   c. repeatedly misstating the amount due under Plaintiff loan;.

   d. requesting specific forms of action on the part of Plaintiff and then claiming that the course of conduct of Plaintiff justified default under the mortgage and foreclosure upon the home;

   e. wrongfully foreclosing on the property of the Plaintiff ;

   f. refusing to perform in good faith;

   g. willfully misstating the payment history to credit reporting agencies so as to disable Plaintiff from refinancing;

43. THE HUNTINGTON NATIONAL BANK, accelerated the entire balance of the contract in bad faith and commenced foreclosure proceedings.

44. These actions by THE HUNTINGTON NATIONAL BANK constitute a breach of the contract obligations as construed by Michigan law.

45. Plaintiff has suffered damages as a result of this breach of contract.

**COUNT IV – VIOLATION OF MICHIGAN FORECLOSURE LAW**

**(THE HUNTINGTON NATIONAL BANK)**

46. Plaintiff incorporates the preceding allegations by reference.

47. THE HUNTINGTON NATIONAL BANK has violated Michigan Foreclosure law by engaging in one or more of the following acts or omissions:

    a. Failing to accurately list the contents of the advertisement.

    b. Preparing affidavits in advance of the auction for filing with the Registrar of Deeds.

    c. Failing to file a Notice of Adjournment.

    d. Failing to Notify Plaintiff of the Notice of Adjournment.

    e. Failing to notify Plaintiff of the foreclosure proceedings.

    f. Charging Plaintiff attorney fees not authorized by statute.

48. The above actions of Defendant constitute violations of Michigan Foreclosure by advertisement law, thus making the foreclosure voidable if not void.

## COUNT V – VIOLATION OF MICHIGAN FORECLOSURE LAW

## (THE HUNTINGTON NATIONAL BANK)

49. Plaintiff incorporates the preceding allegations by reference.

50. Defendant is licensed, registered or should be, under the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, M.C.L. § 445.1651 *et. seq.*

51. The transactions at issue are within the purview of the Act, M.C.L. § 445.1651a(n)

52. Defendants violated the Act, M.C.L. § 445.1672 and M.C.L. § 445.1673, as follows:

    a. Failing to conduct their business in accordance with the Act and other laws;

    b. Engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction;

    c.    Charging Plaintiff fees beyond those that were reasonable, necessary, actually incurred by Defendants, or supported by contract and law, in connection with the transactions described herein;

    d.    Inducing Plaintiff to enter a transaction which provided little or no benefit to the Plaintiff, but which was arranged for the primary purpose of generating fees for Defendants.

    e.    As the result of Defendants violations of this Act, Plaintiff is entitled to statutory damages of $250.00 per violation or actual damages, whichever is greater, can costs under M.C.L. § 445.1681( c).

53. Plaintiff is entitled to money damages and/or actual damages in an amount to be determined by the court, and costs and attorney fees.

## COUNT VI – VIOLATION OF M.C.L § 445.901 *et seq*.

### (THE HUNTINGTON NATIONAL BANK)

54. Plaintiff incorporates the preceding allegations by reference.

55. The facts set forth in this complaint establish that THE HUNTINGTON NATIONAL BANK violated one or more of the provisions of the Michigan Consumer Protection Act, M.C.L.§ 445.903(1).

56. Plaintiff has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## COUNT VII – Fair Credit Reporting Act

## (THE HUNTINGTON NATIONAL BANK)

57. Ms. McDonald incorporates the preceding allegations by reference.

58. THE HUNTINGTON NATIONAL BANK was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

59. THE HUNTINGTON NATIONAL BANK was required to cease reporting the derogatory information during the pendency of the period of 60 days following receipt of the qualified written request.

60. Following the reinvestigation, THE HUNTINGTON NATIONAL BANK continued to report the adverse credit information, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

61. Following its reinvestigation, THE HUNTINGTON NATIONAL BANK reported the derogatory credit information and consciously avoided knowing that the derogatory credit information was supposed to be suppressed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

62. Following the reinvestigation and dispatch of notice directly to THE HUNTINGTON NATIONAL BANK, THE HUNTINGTON NATIONAL BANK reported credit information that was not in fact lawful, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

63. Following the reinvestigation and dispatch of direct notice to THE HUNTINGTON NATIONAL BANK, THE HUNTINGTON NATIONAL BANK failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

64. THE HUNTINGTON NATIONAL BANK willfully refused to properly put in place adequate procedures to reinvestigate credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

65. In the alternative, THE HUNTINGTON NATIONAL BANK negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

66. THE HUNTINGTON NATIONAL BANK willfully refused to properly reinvestigate the inaccuracies in credit reports in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

67. In the alternative, THE HUNTINGTON NATIONAL BANK negligently failed to conduct a proper reinvestigation of a credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

68. Plaintiff has suffered damages as a result of these violations of the FCRA.

### COUNT VIII – Intentional Infliction of Emotional Distress

### (THE HUNTINGTON NATIONAL BANK)

69. Plaintiff incorporates the preceding allegations by reference.

70. The conduct of THE HUNTINGTON NATIONAL BANK constituted extreme and outrageous conduct.

71. THE HUNTINGTON NATIONAL BANK acted with reckless disregard of the possible consequences to Plaintiff.

72. The conduct of THE HUNTINGTON NATIONAL BANK directly and proximately caused emotional distress to the Plaintiff.

73. Plaintiff has suffered damages as a result of the conduct of THE HUNTINGTON NATIONAL BANK.

## COUNT IX – Negligence

## (THE HUNTINGTON NATIONAL BANK)

74. Plaintiff incorporates the preceding allegations by reference.

75. THE HUNTINGTON NATIONAL BANK owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

76. THE HUNTINGTON NATIONAL BANK's unlawful threat to foreclose on Plaintiff's home was per se unreasonable.

77. Plaintiff has suffered foreseeable damages as a result of this unreasonable conduct by THE HUNTINGTON NATIONAL BANK.

## COUNT X – Negligence *Per Se* –

## (THE HUNTINGTON NATIONAL BANK)

78. Plaintiff incorporates the preceding allegations by reference.

79. THE HUNTINGTON NATIONAL BANK's actions in publishing false and inaccurate credit information to the credit bureaus was in violation of express duties under the FCRA.

80. Those unreasonable actions were *per* se unreasonable.

81. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by THE HUNTINGTON NATIONAL BANK.

## COUNT XI – Defamation by Libel

## (THE HUNTINGTON NATIONAL BANK)

82. Plaintiff incorporates the preceding allegations by reference.

83. THE HUNTINGTON NATIONAL BANK's written publications of the trade lines on Plaintiffs' credit report were false and defamatory.

84. Defendant's publications were not privileged communications. THE HUNTINGTON NATIONAL BANK's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

85. The statements were *per se* defamatory.

86. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

87. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT XII – Negligence – Malicious Statutory Libel

## (THE HUNTINGTON NATIONAL BANK)

88. Plaintiff incorporates the preceding allegations by reference.

89. The inaccurate credit information was published with malice or ill-will.

90. Plaintiff has suffered damages as a result of this malicious libel by THE HUNTINGTON NATIONAL BANK in violation of M.C.L. § 600.2911.

91. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT XIV – Fair Debt Collection Practices Act

## (THE HUNTINGTON NATIONAL BANK)

92. Plaintiff incorporates the preceding allegations by reference.

93. At all relevant times THE HUNTINGTON NATIONAL BANK – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

94. THE HUNTINGTON NATIONAL BANK is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

95. THE HUNTINGTON NATIONAL BANK's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

96. Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT XV – Michigan Occupational Code

## (THE HUNTINGTON NATIONAL BANK)

97. Plaintiff incorporates the preceding allegations by reference.

98. THE HUNTINGTON NATIONAL BANK is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

99. THE HUNTINGTON NATIONAL BANK's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the Occupational Code.

100. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

## Demand for Jury Trial

101. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiff requests that this Court:*

a. *Award actual damages.*

b. *Award statutory damages.*

c. *Award exemplary damages.*

d. *Grant injunctive relief;*

e. *Grant declaratory relief;*

f. *Award costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    s/ Adam G. Taub
                Adam G. Taub (P48703)
                Attorney for ANN MARIE MCDONALD
                18930 West 10 Mile Rd. Suite 2500
                Southfield, MI 48075
                Phone:  (248) 746-3790
                Email:   adamgtaub@clgplc.net

Dated: November 16, 2011